IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01196-PAB

SHIRLEY CROW;
DENNIS CROW;
TINA QUINTAL;
UTE QUINTAL;
THOMAS MATHEWS, individually and as parent and natural guardian of S.M., minor child;
TINA MATHEWS;
ROBBIN VINYARD;
KERRI CANNON;
JONATHAN CANNON;
ALFRED GRANT;
NORMA HILDE;
YOLANDA WILSON;
FABIAN MENDOZA;
CARLA GUELKER;
GWENDOLYN WHITFIELD;
ROY WHITFIELD;
LYNN MARTINEZ, individually and as parent and natural guardian of C.M.1, C.M.2, C.M.3, and C.M.4, minor children;
CHRISTOPHER MARTINEZ;
ALYSSA MARTINEZ;
CAMERON MARTINEZ;
ALEXIS ESSELMAN;
SHELLY-ANN HIGGINS;
JOHN HIGGINS;
AVA HIGGINS;
DAWN PURKEY;
DENISE WILLIAMS;
MELISSA SALSER;
MONIKA MALMQUIST;
DANIEL MALMQUIST;
KIMBERLY ECKOLDT;
KENNETH BENJAMIN, JR.;
MATEO ROBINSON;
MARK ROBINSON;
MARGO RHINE;
ROBERT RHINE;
MICHAEL JONES;
RANDALL KEILEY;

JEFF FRANK;
PATRICIA FRANK;
ANGILO VERA;
EFRAIN VERA-SOTO;
JASMINE KIZER;
MICHAEL MATLI;
KIMBERLY CHAPPELL, individually and as parent and natural guardian of H.C.1, H.C.2, and S.C., minor children;
MARY MORRIS;
TINA FARRELL, individually and as parent and natural guardian of P.F., minor child;
JASON FARRELL;
SKYY FARRELL;
CHEYENNE FARRELL;
PETE MARTINEZ;
NATASHA STEINBERG;
MARVA MONTEITH;
LILTON MONTEITH;
CATHERINE ZABORSKI;
KAREN BRANT;
JEANNE BASINGER;
ROBBIE WOODEN;
WILLIAM WOODEN;
MARTHA SCROGGS;
RALPH SCROGGS;
DAVID HARRIS;
DANIEL WALLACE;
DEREK PHILLIPS;
DANA PHILLIPS, individually and as parent and natural guardian of A.P., minor child;
DEBORAH PHILLIPS;
DANTE GREY;
ARNETTE BOOTH;
BRADLEY BUONO;
CHRISTOPHER WHEELER;
TRAVIS JACOBS-HOFMANN;
MICHELE BRINK;
MICHAEL MCBEE;
LYNDEL FELKER;
ALICIA ORNELAS;
CHRISTINE FELKER;
KEVIN FELKER;
MICHELLE POWERS, individually and as parent and natural guardian of J.P. and T.P., minor children;
THOMAS POWERS;
VIRGINIA MEDINA;
LATISCHA HARRIS;

MELONIE STANTON;
LEO SPAGNOLINI;
SHANNA VALLEJOS;
MELVA TILLAR;
JACK CUMMINGS;
MICHAEL CLARK;
MARIE CLARK;
AMY CLARK;
MARION GARNER;
JILL SCHWYTER;
MAX SCHWYTER;
MICHELLE BOYD;
LARRY DAVIDSON;
THOMAS GRABE;
MARK HOLTORF;
PATRICIA MOYERS;
MARNE KOSOBUCKI, individually and as parent and natural guardian of K.K.1 and K.K.2, minor children;
ISABELLE JUSTICE;
MICHELLE MATHENY;
LAWRENCE WALKER;
SHAWN ROBERSON;
ROBERT ROBERSON;
LISA P. BENJAMIN, individually and as parent and natural guardian of J.B., minor child;
CHRISTINE BERTRAND;
TIMOTHY WILLIAMS;
LINNITA WILLIAMS;
FRANCES GORTMAKER;
JERRY GORTMAKER;
LINDA CROW;
DAWN MASLOWSKI;
DAVID MASLOWSKI;
MARIA ZAKRZEWSKI;
JOHN VIGIL;
TERRY SUNDERLIN;
REBECCA SUNDERLIN;
ERICA NEAL;
ROBERT PENA;
CLIFFORD KNUDSON;
KATHLEEN BURTON;
THOMAS BURTON;
LARRY PRICE;
DANIEL FLOREZ;
KRISTIN FLOREZ;

MAREN COMFORT, individually and as parent and natural guardian of J.C.1 and J.C.2, minor children;
JEFFERY COMFORT;
JOHN MOORE;
GLENNA MOORE;
MARTHA KRIETEMEYER;
DANIEL KLOBERDANZ;
DEBORAH KLOBERDANZ;
IVAN ENGLEMAN;
SHARON OSTERTAG;
KEVIN DANIELS, SR.;
LORRAINE BALCK;
ANGEL WILMORE, individually and as parent and natural guardian of D.W., T.O. and N.W., minor children;
BENJAMIN WILMORE;
ATHEL BLUEBIRD;
TIMOTHY CLUBB;
DENNIS CROW;
THOMAS HOCHBERG;
MARIE ENGLEMAN;
JUSTINE HANNEMAN;
JOSE SANTIAGO; and
KATHY COLEMAN,

    Plaintiffs,

v.

THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.;
TYCO FIRE PRODUCTS, L.P., successor in interest to The Ansul Company;
BUCKEYE FIRE EQUIPMENT CO.;
CHEMGUARD;
NATIONAL FOAM, INC.;
KIDDE FIRE FIGHTING, INC., f/k/a Chubb National Foam, Inc., f/k/a National Foam, Inc., individually and as successor in interest to National Foam, Inc.;
KIDDE PLC, INC., f/k/a Williams US Inc., f/k/a Williams Holdings, Inc., individually and as successor in interest to National Foam, Inc.;
KIDDE-FENWAL, INC., individually and as successor in interest to National Foam, Inc.; and
UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE Interlogix, Inc., individually and as successor in interest to National Foam, Inc.,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiffs' amended complaint [Docket No. 4]. Plaintiffs assert that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 4 at 11, ¶ 46.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish defendants' citizenship.

Plaintiffs state that defendant The 3M Company is, "upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware." Docket No. 4 at 42, ¶ 208. They further assert that defendant Tyco Fire Products, L.P. ("Tyco") (1) "is a Delaware corporation having a principal place of business" in Wisconsin, (2) "was incorporated as a limited partnership on December 15, 2000," and (3) has one general partner – Fire Products GP Holding, Inc. – that "is a New Jersey corporation having its principal place of business" in New Jersey. *Id.* at 42-43, ¶¶ 211-12. These allegations are insufficient to establish defendants' citizenship for two reasons. First, the Court reads plaintiffs' averment "upon information and belief" to mean that plaintiffs do not have affirmative knowledge of The 3M Company's citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*,

6

2009 WL 2338116, at *3 (interpreting allegations based on "information and belief" to mean that plaintiffs have no affirmative knowledge of a lack of diversity").  Second, although plaintiffs state that Tyco is a Delaware corporation, defendant's name and plaintiffs' subsequent allegations suggest that plaintiffs are incorrect.  Tyco's name ends with "L.P.," meaning it is a limited partnership, not a corporation.  Plaintiffs' own allegations that Tyco was created as a limited partnership and has one general partner appear to confirm this fact.  *See* Docket No. 4 at 43, ¶ 212.  The citizenship of a limited partnership is determined not by its state of organization, the location of its principal place of business, or the citizenship of its general partners, but by the citizenship of all of its partners, both general and limited.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  Because plaintiffs have not identified all of Tyco's partners or the citizenship of those partners, the Court is presently unable to determine Tyco's citizenship.  *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).

For the foregoing reasons, plaintiffs' allegations are currently insufficient to allow the Court to determine the citizenship of defendants or whether the Court has jurisdiction.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).  It is therefore

**ORDERED** that, on or before **5:00 p.m.** on **June 14, 2018**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 4, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge